IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLA ALI BIN ALI AHMED, *et al.*, ) | |
| ) | |
| ) | |
| *Petitioners/Plaintiffs*, ) | |
| ) | |
| ) | |
| v. ) | OPPOSITION TO |
| ) | MOTION TO STAY |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | Civil Action No. |
| ) | 05-CV-1678 (GK) |
| *Respondents/Defendants*. ) | |

Petitioners' Partial Opposition To "Respondents' Motion To
Stay Proceedings Pending Related Appeals"

INTRODUCTION

Petitioner Alla Ali Bin Ali Ahmed ("petitioner") opposes -- although solely in part -- respondents' request to stay this action. Petitioner does not object to a stay of this action, or this action being subject to the protective orders attached as Exhibits A, B, and C to respondents' moving papers, subject to the following:

1. The Preservation Order entered by this Court on November 16, 2005 (dkt. no. 14) remain in effect during the stay;

2. The Court order respondents to provide the Court and Counsel with 30 day's notice if petitioner Alla Ali Bin Ali Ahmed is scheduled to be transferred from the Guantanamo Bay Facility ("Guantanamo"); and

3. The Court order respondents to provide detailed factual returns within the time frame suggested by respondents in their motion (10 – 12 weeks) or earlier, but immediately provide the following limited non-classified information:

    a. whether petitioner Alla Ali Bin Ali Ahmed is alive and in Guantanamo;

  b. whether petitioner Alla Ali Bin Ali Ahmed is in good health and whether petitioner Alla Ali Bin Ali Ahmed is engaging in the pending hunger-strike occurring at Guantanamo;

  c. whether petitioner Alla Ali Bin Ali Ahmed has been determined to be an "enemy combatant" by a Combatant Status Review Tribunal; and

  d. The "ICRC" or other identifying number, assigned by respondents to petitioner Alla Ali Bin Ali Ahmed, so that so mail may be sent to petitioner by his counsel and family).

Petitioner's willingness to agree to a partial stay is largely based on the recent Senate activity involving these matters.[1]

---

[1] "The Graham Amdt. No. 2524; In The Nature Of A Substitute," S. Amend. 2524 (agreed to Nov. 15, 2005) to the National Defense Authorization Act for Fiscal Year 2006, S. 1042 (passed Nov. 15, 2005). This bill has yet to become law and its validity will be subjected to judicial review and it is unclear whether it will pass constitutional muster, especially in light of Section 1, Article 9, Clause 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it"). It is also unclear whether the Amendment will nullify this action. On one hand, S. Amend. 2524 (d)(1)(e) states that "No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien outside the United States (as that term is defined in section 101(a)(38) of the Immigration and Naturalization Act (8 U.S.C. 1101(a)(38)) who is detained by the Department of Defense at Guantanamo Bay, Cuba."." This suggests that this action may automatically terminate if the bill is upheld and upon a subsequent motion by Respondents to dismiss. **However, S. Amend. 2524 is silent as to whether it applies retroactively to nullify previously-filed Habeas actions**. This is paramount -- S. Amend. 2524 was a substitute for an earlier amendment - "Graham Amdt. No. 2516; Relating To The Review Of The Status Of Detainees Of The United States Government," S. Amend. 2516 (agreed to Nov. 15, 2005). The earlier and substituted amendment **expressly stated that it applied to actions such as this**. S. Amend. 2516 (d)(2)(D)(3) ("(3) EFFECTIVE DATE.--The amendment made by paragraph (1) shall apply to any application or other action that is pending on or after the date of the enactment of this Act. Paragraph (2) shall apply with respect to any claim regarding a decision covered by that paragraph that is pending on or after such date."). The absence of such language in the substituted amendment -- The Graham Amdt. No. 2524; In The Nature Of A Substitute -- renders unclear whether the National Defense Authorization Act for Fiscal Year 2006, S. 1042 – if passed and held to be Constitutionally valid -- will divest this Court of the powers of Habeas it may currently exercise, as set forth in *Rasul v. Bush*, 542 U.S. 466, 321 F.3d 1134 (2004).

## **PROCEDURAL HISTORY**

Petitioner filed a Petition for Habeas Corpus (dkt. no. 1) Respondents did not immediately appear. Petitioner subsequently filed a motion for an order of preservation. (dkt. no. 6). Respondents subsequently appeared and opposed petitioners' motion for a preservation order. (dkt. nos. 8, 9). Petitioner filed a reply to respondents' opposition (dkt. no. 12). This Court granted petitioners' motion for a preservation order (dkt. no. 14).

On November 10, 2005, respondents moved for a stay in several actions, including the action before the Court, and requested that this Court also issue an order releasing respondents from their obligation to file a factual return related to petitioner. (dkt. no. 13) This opposition followed. In addition, Gitanjali Gutierrez, who has security clearance, has subsequently appeared as co-counsel to petitioners (dkt. no. 15).

Furthermore, within the next ten days, and to the extent necessary, petitioners' intend to file a motion for an order that respondents provide the Court and counsel with 30 days advance notice prior to transferring petitioner from Guantanamo and for production of factual returns and a motion. To date, despite repeated requests, respondents have not provided petitioner's counsel with *any information at all* about petitioner (including whether petitioner is in their custody or even still alive).

## **ARGUMENT**

Petitioner does not object to the stay entirely. Petitioner agrees to a partial stay and agrees that the matter be subject to the orders attached as Exhibits A, B, and C to respondents' motion.[2] However, petitioner requests that this Court mandate that its preservation order of November 16 remain in effect during the stay, if one is granted. (dkt. no. 14).

---

[2] In Re Guantanamo Detainee Cases, 02-CV-0299 (CKK) et al., Order of Nov. 8, 2004 (Green, J.); In Re Guantanamo Detainee Cases, 02-CV-0299 (CKK) et al., Order of Nov. 10, 2004

In addition, petitioner also requests that – during the stay, if granted – respondents supply the Court and counsel with 30- day's advance notice of potential transfer of petitioner Alla Ali Bin Ali Ahmed from Guantanamo; and the filing of factual returns (but petitioner does not object to the time proposed by respondents in the event such filing is ordered (although a shorter time-frame is preferred), but requests that this extension is accompanied with an order that respondents immediately provide petitioner with limited information including petitioner's ICRC number or other identifying number (so that mail may be sent from counsel and family), and whether petitioner is (a) in their custody; (b) alive; (c) participating in the hunger strike; and (d) has been determined to be an "enemy combatant" (as that term is used by respondents).

**The Conditions On The Stay Requested**
**By Petitioners Are Consistent With**
**<u>Judge Green's Prior Orders</u>**

In Re Guantanamo Cases, 355 F. Supp. 2d. 443, 468, (D.D.C. 2005), Judge Green stayed eleven cases based on questions primarily regarding whether the procedures of the Combatant Status Review Tribunals passed constitutional muster and whether the term "enemy combatant" was vague and overly broad. In the actions at issue before Judge Green at the time, factual returns had been filed and, presumably, orders mandating preservation of evidence and notice of a transfer of detainees were not at issue. *See* In Re Guantanamo Cases, 355 F. Supp. 2d. at 451-452; *see also* In Re Guantanamo Cases, 355 F. Supp. 2d. 482 (D.D.C. 2005). Therefore, this Court may grant a stay, and condition that stay on (a) the continued application of an order of preservation; (2) issuance of, and continued application of, an order for 30 day's advance notice of transfer, (3) the filing of factual returns (detailed filings being supplied on the schedule suggested by *respondents* – if not earlier -- and limited information being supplied

---

(Green, *J.*); and In Re Guantanamo Detainee Cases, 02-CV-0299 (CKK) et al., Order of Dec. 15, 2004 (Green, *J.*).

immediately); and (4) respondents informing the Court whether or not petitioner has been deemed an "enemy combatant" as that term is used by respondents. And so doing would completely be consistent with Judge Green's prior decisions. *See* In Re Guantanamo Cases, 355 F. Supp. 2d. at 451-452; *see also* In Re Guantanamo Cases, 355 F. Supp. 2d. at 482.

**Any Stay Should Be Subject To**
**The Order Of Preservation**

This Court has previously issued an order of preservation that should remain in effect if this Court grants the stay requested by respondents (dkt. no. 14). As discussed above, placing such a limitation on the Stay would not, in any way, be inconsistent with Judge Green's prior Orders, and would, in addition, preserve all potentially-relevant materials and information during that stay.

A preservation order during the Stay is completely consistent with this jurisprudence. First, respondents' mischaracterize the stay orders previously issued by this Court. In the *Al-Marri* matter, quoted by respondents in their motion (Respondents' Mem. at 8), Judge Kessler had previously issued an order of preservation. *Al-Marri et al. v. Bush, et al.*, Civil Action No. 04-2035 (March 7, 2005, Kessler, *J.*) ("*Al-Marri*") ("entering a preservation order [against Respondents] will inflict no harm or prejudice upon them"). Second, in *Ghanem et al., v. Bush et al.*, 05-CV-1638 (cited by Respondents at Respondent's Mem. at 20, fn. 6), Judge Kollar-Kotelly specifically stated that the stay not apply to the issue of the order of preservation (*Ghanem et al., v. Bush et al.*, 05-CV-1638 (CKK), Order of October 19, fn. 1, dkt. no. 7) ("This stay shall not apply to Petitioners' Motion For A Preservation Order").

Judge Green's decisions addressed the procedures of the CSRT Tribunals and other related issues that may arise much later in these present actions. But these decisions did not relate to the limited conditions petitioner is reasonably requesting be placed on the Stay (if

ordered). Accordingly, should this Court enter a stay, it should mandate that its Preservation Order remain in effect during that stay.

**During The Stay – If Granted -- Respondents Should Provide The Court And Counsel Of 30-Days Advance Notice Of Any Potential Transfer Of Petitioner From Guantanamo**

As stated above, within the next ten business days, and to the extent necessary, petitioners will bring a motion for an order mandating respondents to provide factual returns and provide the Court and Counsel with 30-day's advance notice of any potential transfer of petitioner Alla Ali Bin Ali Ahmed from Guantanamo. For obvious reasons, such an order would preclude respondents from completely removing this Court's jurisdiction over petitioner, as well as removing petitioner's rights – that will be clarified on appeal – for redress from this forum. It would in no way burden respondents, and it would strengthen the opportunity for respondents to conduct the investigations into potential misconduct respondents have stated are underway (Respondents' Opposition To Petitioners' Motion for Preservation Order at 5) (dkt. no. 9) ("The types of documents sought to be protected could relate to pending or developing investigations that the government has initiated into possible misconduct in regard to mistreatment of detainees. Such investigations have served, and will continue to serve, as the basis for prosecutions or other corrective action wherever appropriate. Respondents would not compromise those investigations or prosecutions by destroying or sanctioning the destruction of documents pertaining to such investigations. Furthermore, the ongoing detention and intelligence-gathering mission of the military at Guantanamo Bay should dispel any notion that respondents would destroy documents related to that mission").

**During The Stay – If Granted -- Respondents
Should Provide Factual Returns Within A
Reasonable Time Frame And Should Immediately
Provide Non-Classified Limited Information Regarding
Petitioner's Enemy Combatant Status and Well-Being**

This portion of this opposition only applies to respondents' request that the stay obviate respondents' obligation – during the stay – to file factual returns (Respondents' Mem. pp. 12 – 14). Respondents make two arguments is support of an order removing their obligation to provide factual returns at this time -- First, respondents argue that their own internal requirements for preparing the factual returns are burdensome (respondents' motion at pp. 13 – 14); and Second, that production of factual returns may be unnecessary if the matters are dismissed on appeal. Id.

The latter argument fails in the possibility of the inverse – production of factual returns will be *necessary unless the matters are dismissed.* This seems much more likely, in light of In Re Guantanamo Cases, 335 F. Supp. 2d. at 445, where the Court's holding included a determination that petitioners have stated viable Fifth Amendment claims and the CSRT tribunals likely violate petitioner's due process rights. In Re Guantanamo Case, 355 F. Supp. 2d. at 452 and 454 ("…the Court interprets Rasul in conjunction with other precedent, to require the recognition that the detainees at Guantanamo Bay possess enforceable constitutional rights")).

In regards to respondents' first argument -- that production at this time is burdensome – this is not a sufficient reason to justify withholding an individual for about four years who has yet to be charged with anything.[3]

---

[3] In Re Guantanamo Cases, 355 F. Supp. 2d at 464:

Of course, it would be far easier for the government to prosecute the war on terrorism if it could imprison all suspected "enemy combatants" at Guantanamo Bay without having to acknowledge and respect any constitutional rights of detainees. That, however, is not the relevant legal test. By definition, constitutional limitations often, if not always, burden the abilities of government

7

Respondents appear to concede this, and ask that if the Court does order such a production, respondents have 10 – 12 weeks to prepare the factual return (Respondents' Mem. at 14). Petitioners understand the security concerns at issue and do not, in total, object to respondents filing factual returns within 10 to 12 weeks (although a shorter, perhaps 45-day, time period is preferred). *See* In Re Guantanamo Case, 355 F. Supp. 2d. at 471. However, as discussed above, respondents have continued to refuse to provide *any* information at all related to petitioner. Therefore, petitioners ask that – if the Court should grant the stay and allow for factual returns to be provided within a set time frame (45 days to 10 weeks), the Court order

---

officials to serve their constituencies. Although this nation unquestionably must take strong action under the leadership of the Commander in Chief to protect itself against enormous and unprecedented threats, that necessity cannot negate the existence of the most basic fundamental rights for which the people of this country have fought and died for well over two hundred years. As articulated by the Supreme Court after the conclusion of the Civil War:

> The Constitution of the United States is a law for rulers and people, equally in war and in peace, and covers with the shield of its protection all classes of men, at all times, and under all circumstances. No doctrine, involving more pernicious consequences, was ever invented by the wit of man than that any of its provisions can be suspended during any of the great exigencies of government. Such a doctrine leads directly to anarchy or despotism, but the theory of necessity on which it is based is false; for the government, within the Constitution, has all the powers granted to it, which are necessary to preserve its existence; as has been happily proved by the result of the great effort to throw off its just authority.

*Ex Parte Milligan*, 71 U.S. 2, 120-21, 18 L. Ed. 281 (1866). *See also United States v. Robel*, 389 U.S, 258, 264, 19 L. Ed. 2d 508, 88 S. Ct. 419 (1967) ("It would indeed be ironic if, in the name of national defense, we would sanction the subversion of one of those liberties . . . which makes the defense of the Nation worthwhile."). In sum, there can be no question that the Fifth Amendment right asserted by the Guantanamo detainees in this litigation -- the right not to be deprived of liberty without due process of law -- is one of the most fundamental rights recognized by the U.S. Constitution. In light of the Supreme Court's decision in Rasul, it is clear that Guantanamo Bay must be considered the equivalent of a U.S. territory in which fundamental constitutional rights apply.

respondents to immediately provide limited non-classified information, informing the Court and Counsel of the following:

1. Whether petitioner Alla Ali Bin Ali Ahmed is alive;
2. Whether petitioner Alla Ali Bin Ali Ahmed is Guantanamo;
3. Whether petitioner Alla Ali Bin Ali Ahmed is in good health and whether he is participating in the hunger strike;
4. Whether petitioner Alla Ali Bin Ali Ahmed has been determined to be an "enemy combatant" by a Combatant Status Review Tribunal (as that term is used by respondents); and
5. The "ICRC" or other identifying number used by respondents to identify petitioner Alla Ali Bin Ali Ahmed so that his counsel and family may send mail.

Answers to these most basic questions would, for reasons that are readily apparent, clearly alter the lives of the family of petitioner Alla Ali Bin Ali Ahmed. More on point, however, is that answers to these questions should be readily available to respondents, should not contain any classified information, and are core to several matters central to this action.

Finally, petitioner reiterates that ordering respondents' to produce factual returns during a stay is completely consistent with Judge Green's prior orders, which involved matters in which respondents had already filed factual returns. In Re Guantanamo Case, 355 F. Supp. 2d. at 452.

## CONCLUSION

For the reasons mentioned above, respondents' motion should be denied, to the extent set forth in this opposition.

Dated: November 21, 2005

*Of Counsel*:

Gitanjali S. Gutierrez (GG1234)
 *Admitted pro hac vice*
Barbara Olshansky (NY #0057)
Admitted *pro hac vice*
Center For Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

Respectfully submitted,

/s/ Ian Wallach

Ian Wallach (IW8631)
 Admitted *pro hac vice*
21 Quarterdeck Street, Unit A
Marina Del Rey, CA  90292
Tel: (310) 822-1587
Fax.: (310) 823-3458

*Counsel for Petitioners*