# EXHIBIT B

## Ian Wallach

| | |
|---|---|
| **From:** | Preeya.Noronha@usdoj.gov |
| **Sent:** | Tuesday, November 08, 2005 10:14 AM |
| **To:** | iwallach@nyc.rr.com (Receipt Notification Requested) (IPM Return Requested) |
| **Subject:** | RE: Guantanamo Detainee cases |

Dear Ian:

Respondents will not consent to withdrawal of our opposition to your motion for
preservation order.  Respondents are also not in the position to give out information
regarding specific detainees, although I will note that we have yet been unable to
identify petitioner Albkri, even with the information that you have supplied.  Finally,
once the protective order is entered, a stay would not interfere with cleared counsel's
access to properly represented detainees, consistent with the terms of the protective
order.

Regards,
Preeya

-----Original Message-----
From: iwallach@nyc.rr.com [mailto:iwallach@nyc.rr.com]
Sent: Monday, November 07, 2005 10:38 AM
To: Noronha, Preeya (CIV)
Cc: tsullivan@jenner.com; pbronte@jenner.com; jcolman@jenner.com; dbradford@jenner.com;
pleder@rsko.org; marjoriemsmith@verizon.net; mrapkin@rgblawyers.com; gdaly1@bellsouth.net;
Sahmad@ccr-ny.org; mfalkoff@COV.COM; ggutierrez@CCR-NY.ORG
Subject: RE: Guantanamo Detainee cases

Dear Preeya and others,

Subject to the agreement of co-counsel and the consensus of other habeas counsel, I am
inclined to agree to the stay, but need some help first from your office regarding
peripheral yet important issues.

First, there is the issue of the preservation order. The clerk to Judge Kollar-Kotelly
asked your office to consent to the preservation motion and you, which is your right,
didn't agree and argued that non-mutual collateral estoppel shouldn't apply to the
government.  Even if that's the case, the order should issue based on precedent and
Respondents' concession that they need to preserve the evidence anyway for internal
investigations.  So I would need Respondents' opposition to be withdrawn to consent to the
stay or agree to not move to lift the one issued in the Abu Ghanem matter (this shouldn't
be an issue for Respondents -- these orders are non-burdensome and routinely granted).

Second, and much more practical, is that I need to learn that my clients are still alive
and in Respondents' custody, and ok, so that I may inform their family and friends of
their well-being (I previously supplied with you with names, family member's names, names
of home towns, ages, numbers on the Washington Post list, and languages spoken, so this
should not be
difficult).

Lastly, your letter implies that the stay you are requesting would in no way interfere
with visits to clients once security clearance is granted, but it would help me if you
could make that clear.

If you can help me out with the above, then, subject to the approval of co-counsel and the
consensus of other habeas counsel, I would be inclined to agree.  I am open to the
thoughts of others.

Take care,

Ian

-----Original Message-----

1