IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLA ALI BIN ALI AHMED, *et al.*,  )  )  )  Petitioners,  )  )  )  v.  )  )  GEORGE W. BUSH,  )  President of the United States,  )  *et al.*,  )  )  )  Respondents.  )  ) | Civil Action No. 05-CV-1678 (GK) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY PRODUCTION OF FACTUAL RETURN**

Respondents hereby submit this reply memorandum in support of their motion requesting

that the Court stay its order requiring respondents to produce a factual return pertaining to

petitioner pending resolution of the effect of the Detainee Treatment Act of 2005 on this case.

The Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the

Act"), amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for

writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained

at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit,

applicable to pending cases, to address the validity of the detention of such aliens held as enemy

combatants.  Id. § 1005(e)(1), (h)(2).  Petitioners contend that, because the "issue of potential

application of the [Act] is not before this Court," respondents should be required to produce a

factual return pursuant to the Court's December 7, 2005 Order.  See Pet's Opp. at 3-4.  However,

after respondents indicated their intent to file a motion to dismiss this and other similar petitions

for habeas corpus based on the Act's withdrawal of the Court's jurisdiction, see Respondents'

Notification of Supplemental Authority (dkt. no. 20), the Court indicated to the parties that its

sense is to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before

proceeding further in the Guantanamo detainee cases.  Consequently, respondents are awaiting a

decision from the D.C. Circuit on this issue prior to seeking any relief in the Guantanamo

detainee cases based on the Act.[1]  Thus, in order to maintain the "status quo until there is an

applicable appellate determination," as petitioners suggest, see Pets' Opp. at 2, a stay of all

proceedings in this case, including with respect to the production of a factual return, is

appropriate pending the resolution of the effect of the Act.  Indeed, two other Judges of the Court

have recently entered orders in the Guantanamo detainee habeas cases before them denying

without prejudice all previously pending motions and staying "all action" in the cases "pending

the jurisdictional ruling of the District of Columbia Circuit."  See January 11, 2006 Order in

Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No.

04-CV-1137 (RMC), et al.  This Court likewise should stay the currently required production of a

factual return in this case pending resolution of the effect of the Act on the case.

    Petitioners' argument that respondents should be required to produce a factual return in

this case notwithstanding the Act's withdrawal of the Court's jurisdiction because "respondents

will still be obligated to produce factual returns to the D.C. Circuit Court in accordance with the

[Act] for review of determinations of the Combatant Status Review Tribunal," see Pets' Opp. at

2, is equally unpersuasive.  Whether and to what extent "factual returns" as they have been

---

[1]  The effect of the Act will be addressed in supplemental briefing in the Guantanamo
detainee appeals pending before the D.C. Circuit.  On January 27, 2006, the D.C. Circuit issued a
revised supplemental briefing schedule, with an initial brief by respondents due on February 17,
2006, an opposition by petitioners due on March 10, 2006, and respondents' reply due on March
17, 2006.  Oral argument is scheduled for March 22, 2006.

produced in the District Court will be required by the D.C. Circuit is a matter subject to the exclusive jurisdiction of the Court of Appeals.  See Act, § 1005(e)(1) (vesting "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant").  Thus, it would be inappropriate for the Court to require relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

Petitioners further argue that counsel require access to a factual return in order to make a submission to the Administrative Review Board ("ARB") on Mr. Ali Ahmed's behalf.  See Pet's Opp. at 4-5.  Any complaints regarding preparation for ARB hearings, however, are not properly before this Court, nor are they a proper subject for this litigation.  ARB proceedings are separate and distinct from proceedings before Combatant Status Review Tribunals ("CSRTs") that determine whether detainees are properly classified as enemy combatants.  Thus, the purpose of the ARB proceedings is distinct from the issue involved in the habeas petitions before the Court. The habeas petitions, and factual returns filed in connection with the petitions,[2] concern whether a petitioner is properly subject to continued detention by the United States, that is, whether a detainee has been legitimately determined to be an enemy combatant and, thus, may be detained for the duration of hostilities, if necessary.  The ARB proceedings, on the other hand, currently

---

[2] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the CSRT that confirmed petitioner's status as an enemy combatant properly subject to detention.

- 3 -

are designed to assess, on an annual basis, not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain individuals already determined by CSRTs to be enemy combatants.  This decision is based on a weighing and balancing of factors, such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters, and the detainee's continuing intelligence value.  See Mem. Implementing Admin. Review of the Detention of Enemy Combatants (Sept. 14, 2004) (available at <<http://www.defenselink.mil/news/Sep2004/ d20040914adminreview.pdf>>).  As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not justiciable. See, e.g., Dist. No. 1, Pacific Coast Dist., Marine Engs. Beneficial Ass'n v. Maritime Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement").  Thus, the pendency of an ARB hearing pertaining to petitioner has no bearing on whether respondents should submit a factual return in this habeas proceeding.

Neither should the Court accept petitioners' argument that a factual return is required to assist counsel in preparing for any future visits with Mr. Ali Ahmed.  See Pets' Opp. at 5-6. Given that the Court has indicated that its sense is to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo detainee cases, counsel cannot use a factual return to advance the litigation in this case.  As noted above, the need for or propriety of requiring respondents to submit a factual return is now a matter that should be, and is, within the exclusive jurisdiction of the Court of Appeals.  See supra at 3;

Telecommunications Research and Action Center, 750 F.2d at 75, 78-79.  And even if counsel had access to a factual return, they would not be able to share classified information in the return with petitioner.  See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), ¶ 30.

Finally, petitioners' argument that certain "case studies" of "detainee case files" conducted by a media publication and certain counsel for petitioners in other Guantanamo cases warrants production of a factual return in this case, see Pets' Opp. at 7-8, is completely without merit.  Not only are these "case studies" based on selective and incomplete data (they admittedly consist of only unclassified information), but their highly suspect conclusions about perceived "errors" regarding other detainees should have no bearing on whether a factual return should be provided in this case.  In light of the new, statutory withdrawal of the Court's jurisdiction, and given that the sense of the Court is to await anticipated guidance from the D.C. Circuit on the effect of the Act before proceeding further in the Guantanamo detainee cases, respondents should not be required to produce a factual return pertaining to petitioner pursuant to the Court's December 7, 2005 Order.[3]

_____

[3]  Respondents have not "conceded" that the administrative burdens and risks in producing factual returns in the Guantanamo detainee habeas litigation have diminished.  See Pets' Opp. at 6-7.  Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders.  Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel.  Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking.  Further, submission of these returns expands access to classified information contained in the returns, thereby increasing the risks of inadvertent or other disclosure or compromise of the information.  In light of the new,

* * *

For the reasons stated herein and in respondents' motion, the Court should stay its order

requiring respondents to produce a factual return pertaining to petitioner until the effect of the

Detainee Treatment Act of 2005 on this case is resolved.

Dated: February 17, 2006                     Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

                                             DOUGLAS N. LETTER
                                             Terrorism Litigation Counsel

                                                 /s/ Preeya M. Noronha
                                             _____
                                             JOSEPH H. HUNT (D.C. Bar No. 431134)
                                             VINCENT M. GARVEY (D.C. Bar No. 127191)
                                             TERRY M. HENRY
                                             JAMES J. SCHWARTZ
                                             PREEYA M. NORONHA
                                             ROBERT J. KATERBERG
                                             NICHOLAS J. PATTERSON
                                             ANDREW I. WARDEN
                                             EDWARD H. WHITE
                                             MARC A. PEREZ
                                             Attorneys
                                             United States Department of Justice
                                             Civil Division, Federal Programs Branch
                                             20 Massachusetts Ave., N.W.
                                             Washington, DC  20530
                                             Tel:  (202) 514-4107
                                             Fax:  (202) 616-8470

                                             Attorneys for Respondents

_____

statutory withdrawal of the Court's jurisdiction, and given that the sense of the Court is to await
anticipated guidance from the D.C. Circuit regarding the effect of the Act on the Guantanamo
detainee cases before proceeding further in the cases, it is in the interest of efficiency of judicial
and litigation resources, as well as to minimize administrative burdens, that respondents should
not be required to submit a factual return in this case.