IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALI BIN ALI ALEH, )
)
)
Petitioner, )
)
v. ) Civil Action No. 05-1678 (GK)
)
GEORGE W. BUSH, *et al.*, )
)
Respondents. )
_____)

## DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Ali Bin Ali Aleh that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 26 January 2006

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser: 942.1

25 FEB 2005

FOR OFFICIAL USE ONLY

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 692**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
 (b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #692 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY



# Department of Defense
Director, Combatant Status Review Tribunals

29 Sep 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #12

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

■■■■■■■■■■ Colonel, U.S. Marine Corps Reserve; President

■■■■■■■■■■ Lieutenant Colonel, JAGC, U.S. Army; Member (JAG)

■■■■■■■■■■ Lieutenant Colonel, U.S. Air Force; Member

*[signature]*

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

UNCLASSIFIED

31 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 692

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #12 of 29 September 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to participate.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b). Note that some information in exhibit R-3 and R-4 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   d. The detainee requested 1 witness. The Tribunal found the witness to be relevant. However, due to military policy at Guantanamo Bay, the Tribunal President determined that the witness was not reasonably available. In my opinion, for the reasons detailed in enclosure (1), the Tribunal President acted properly in determining the witness to be not reasonably available. The detainee also requested that his passport be produced. The Tribunal President determined that the detainee's request for production was relevant. A search for the record by Base personnel was not successful in locating the record; therefore, the Tribunal determined that the passport was not reasonably available. In my opinion, the Tribunal President acted properly in determining the document was not reasonably available.

   e. The Tribunal's decision that detainee 692 is properly classified as an enemy combatant was unanimous.

UNCLASSIFIED

UNCLASSIFIED

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 692

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

*Peter C. Bradford*
PETER C. BRADFORD
LT, JAGC, USNR



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

28 January 2005

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander ICO ISN 692

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███████.

CHARLES E. JAMISON
CAPT, USN

~~SECRET//NOFORN//X1~~

## (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#12__

(U) ISN#: __692__

Ref: (a) (U) Convening Order for Tribunal #12 of 29 September 2004 (U)
    (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
    (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
    (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
    (3) (U) Summary of Detainee/Witness Testimony (U/~~FOUO~~) – (N/A)
    (4) (U) Copies of Documentary Evidence Presented (S/NF)
    (5) (U) Personal Representative's Record Review (U/~~FOUO~~)

1. (U) This Tribunal was convened on 6 November 2004 by references (a) and (b) to make a determination as to whether the Detainee meets the criteria to be designated as an enemy combatant, as defined in reference (c).

2. (U) On 6 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee ISN# 692 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this Detainee is a member of, or affiliated with, al Qaida forces that are engaged in hostilities against the United States and its coalition partners, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

                                      Colonel, U.S. Marine Corps
                                      Tribunal President

DERV FM: Multiple Sources    ~~SECRET//NOFORN//X1~~
DECLASS: XI

UNCLASSIFIED//<s>FOUO</s>

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: ____#12____
ISN #: ____692____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this Detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida forces that are engaged in hostilities against the United States and its coalition partners. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the Detainee traveled to Faisalabad, Pakistan in October 2001, via Dubai, United Arab Emirates and Karachi, Pakistan and stayed at a guesthouse there for approximately four (4) months. The guesthouse in Faisalabad was run by a high-ranking al Qaida operative and was captured in a raid on the guesthouse in March 2002. Several of the individuals arrested with the Detainee were identified as al Qaida associates, who had received training in, or fought in Afghanistan. Although, the Detainee chose not to participate in the Tribunal process, he called one witness and requested one classified document (passport) be produced. The Tribunal President found the requested witness not reasonably available, and that alternative means of producing the witness's testimony were also not reasonably available. The Tribunal President ordered the classified document requested by the Detainee to be produced but it was unable to be located. The Tribunal President's evidentiary and witness rulings are explained below.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a and R-1 through R-16.

    b. Testimony of the following persons: None

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

UNCLASSIFIED//<s>FOUO</s>

ISN #692
Enclosure (1)
Page 1 of 3

UNCLASSIFIED//FOUO

The Detainee requested the following witnesses be produced for the hearing:

| Witness | President's Decision | Testified? |
|---|---|---|
| ISN #686 | Relevant but Not Reasonably Available | No* |

* Although the witness may have been relevant, the witness was determined to be not reasonably available based upon the policy in effect at that time of the Commanding General, Joint Task Force Guantanamo, which directed no interaction between "Camp 5" detainees and other camp detainees. Detainee ISN# 692 is a "Camp 5" Detainee and the requested witness ISN# 686 is in Camp Delta. ISN #686's name is included at Enclosure (2) to the CSRT Decision Report.

The Detainee requested the following additional evidence be produced:

| Evidence | President's Decision | Produced? |
|---|---|---|
| Passport | Relevant but Not Reasonably Available | No* |

* The Personal Representative, after contacting the Detainee Property Section of the Joint Detainee Operations Group (JDOG) to request the document, was informed that it did not exist here; JDOG was unable to locate this document due to it not being in their custody. The request was deemed relevant because the Detainee hoped to show that his passport indicated that he was not going to be in Pakistan long enough to be a fighter. His passport had, in fact, expired and he was waiting for a new one.

5. **Discussion of Unclassified Evidence**

The Tribunal considered the following unclassified evidence in making its determinations:

   a. The Recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 provided no usable evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

## 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor. The Tribunal noted that a new Personal Representative assumed duties for this Combatant Status Review Tribunal midway through the process due to the departure from Guantanamo Bay of the originally assigned Personal Representative.

## 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The Detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was requested or deemed necessary.

    b. The Detainee chose not to participate in the Tribunal process, as indicated in Exhibit D-a. Although he did not actively participate, there was no reason to believe he did not understand the Tribunal process, as explained by the Personal Representative after questioning by the Tribunal.

    c. The Detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida forces that are engaged in hostilities against the United States or its coalition partners.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

[signature redacted]

Colonel, U.S. Marine Corps
Tribunal President

# DETAINEE ELECTION FORM

Date: _____1Nov 2004_____

Start Time: _____0945_____

End Time: _____1025_____

ISN#: _____0692_____

Personal Representative: ▓▓▓▓▓▓▓▓▓▓ MAJOR, USAF _____
(Name/Rank)

Translator Required? __YES__  Language? _____ARABIC_____

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? _____YES_____

-----

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

Calm and cooperative. Requested GTMO witness and passport.

_____

Personal Representative ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

UNCLASSIFIED//FOUO

Page 1 of 1                                                    Exhibit D-a

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (20 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – ALEH, Ali Bin Ali

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States indicating that the detainee is associated with al Qaida and the Taliban.

   The detainee is associated with al Qaida and the Taliban:

   1. Originally from Aden, Yemen, the detainee traveled to Faisalabad, Pakistan in October 2001, via Dubai, United Arab Emirates and Karachi, Pakistan.

   2. Detainee stayed at a guesthouse in Faisalabad, Pakistan for approximately 4 months.

   3. The guesthouse in Faisalabad, Pakistan, was run by a high-ranking al Qaida operative.

   4. Detainee was captured in a raid on the guesthouse in Faisalabad, Pakistan, in March 2002.

   5. Several of the individuals arrested in the March 2002 raid on the guesthouse in Faisalabad, Pakistan were identified as al Qaida associates, who had received training in, or fought in, Afghanistan.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

Page 1 of 1

UNCLASSIFIED           Exhibit R-1

Unclassified

# Memorandum



To : Department of Defense          Date 10/14/2004
     Office of Administrative Review
     for Detained Enemy Combatants
     Col. David Taylor, OIC, CSRT

From : FBI GTMO
       Counterterrorism Division
       Asst. Gen. Counsel

Subject: REQUEST FOR REDACTION OF
         NATIONAL SECURITY INFORMATION

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 692 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 06/20/2002
FD-302 dated 09/11/2002

---

[1]Redactions are blackened out on the OARDEC provided FBI document.

[2]See Executive Order 12958

Page 1 of 2

Exhibit R-2

Unclassified

Unclassified

Memorandum from ████████ to Col. David Taylor
Re: REQUEST FOR REDACTION, 10/14/2004

    If you need additional assistance, please contact Asst. Gen. Counsel ██████████████████████ ▓▓ Intelligence Analyst ████

Intelligence Analyst ██████████

Unclassified

UNCLASSIFIED//<s>FOUO</s>

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 24 January 2005 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #692.

✓ I have no comments.

___ My comments are attached.

_____ Major, USAF
Name

Date: 24 January 2005

Signature

ISN #692
Enclosure (5)

UNCLASSIFIED//<s>FOUO</s>