IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**ALLA ALI BIN ALI AHMED**,         )
also listed as ALI BIN ALI ALEH;    )
                                    )
and                                 )
                                    )
**Wagdi Ali Bin Ali,**              )
as Next Friend of                   )
Alla Ali Bin Ali Ahmed;             )
                                    )
   *Petitioners*,    )
                                    )
   *v.*              )  **CIVIL ACTION NO. 05-CV-01678 (GK)**
                                    )
**GEORGE W. BUSH**, *et al.*,       )
                                    )
   *Respondents.*    )
_____)


**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO AMEND MOTION FOR APPOINTMENT OF COUNSEL
AND TO AWARD COSTS ONLY UNDER 18 U.S.C. § 3006A(a)(2)(B)**

   Petitioner Alla Ali Bin Ali Ahmed, through his Next Friend, Wagdi Ali Bin Ali, and the undersigned counsel, hereby moves the Court to amend the Motion for Appointment of Counsel and to Award Costs filed October 18, 2005.  Petitioner no longer moves the Court to appoint Ian Michael Wallach as counsel.  In Mr. Wallach's place, Petitioner moves the Court to appoint Kit A. Pierson, Brent N. Rushforth, Stuart M. Rennert, Sarah B. Pojanowski, and Jenny L. Workman (hereinafter collectively "Heller Erhman LLP"), as counsel for Petitioner, pursuant to the Criminal Justice Act

("CJA"). 18 U.S.C. § 3006A(a)(2)(B) (1982). In addition, Petitioner moves the Court to award attorney's fees *for expense reimbursement only* pursuant to 18 U.S.C. § 3006A(d).

## I. FACTUAL SUMMARY

### A. Alla Ali Bin Ali Ahmed Has Been Wrongfully Detained at Guantanamo Bay

The following facts are stated upon information and belief of counsel. Alla Ali Bin Ali Ahmed is a prisoner at Guantanamo Bay Naval Station, Cuba ("Guantanamo"). He has been incarcerated there for over four years without charge. During that time he has been held virtually incommunicado, with limited access to counsel and his family. Ali Ahmed has filed a petition for habeas corpus challenging his detention. *See* 28 U.S.C. § 2241.

According to a statement given by Next Friend Wagdi Ali Bin Ali, Ali Ahmed's brother, to an attorney with the Center for Constitutional Rights ("CCR"), Ali Ahmed is approximately 23 years old, knows only the Arabic language, and is a student of Islamic studies. He left his hometown of Aden at the age of 19 and traveled to Pakistan. Ali Ahmed was arrested shortly thereafter, and is now in the custody of the United States.

Ali Ahmed is a citizen of Yemen and a civilian who, as a result of having been classified as an "enemy combatant," is being held as a prisoner in military custody. He has therefore been unable to work or otherwise have access to income or assets for over four years, and has no foreseeable means of acquiring income or other assets unless

and until he is released. Neither Ali Ahmed nor his family can afford to pay attorney's fees or the expenses of his legal representation.

### B. CCR and Heller Ehrman LLP Have Incurred and Will Incur Substantial Costs In Representing Ali Ahmed

CCR, a non-profit organization dedicated to protecting constitutional and human rights, sought assistance on Petitioner's behalf in litigating Ali Ahmed's case. While CCR originally requested Ian Wallach to take an active lead in representing Ali Ahmed, outside circumstances led Mr. Wallach to withdraw from the case. Heller Ehrman LLP is now spearheading Ali Ahmed's legal representation.

CCR represents more than fifty detainees at Guantanamo and does not have the resources to compensate counsel or pay necessary expenses related to its representation. CCR has visited Ali Ahmed several times, and has funded its considerable expenses for these trips out of its own coffers, including costs for travel and providing a translator. As a non-profit organization, CCR has limited resources to devote to these cases.

Heller Ehrman LLP has agreed to undertake Ali Ahmed's representation on a *pro bono* basis, based upon its attorneys' personal and professional commitment to protecting due process, constitutional, and human rights. Heller Ehrman LLP is consistently recognized as one of the nation's top law firms in its commitment to *pro bono* service, committing nearly 70,000 hours to the delivery of *pro bono* legal services in 2005.

Heller Ehrman LLP is currently paying all expenses associated with this action which are not awarded. Foreseeable expenses include translation services; travel to and from the Guantanamo Bay Naval Station for attorneys and an interpreter; the costs of factual investigation; the costs associated with meeting Ali Ahmed's Next Friend and family; phone calls to Yemen to discuss the status of the matter; and other costs. Heller Ehrman attorneys are willing to donate their time *pro bono* in connection with this matter; however, Heller Ehrman seeks reimbursement under the CJA for expenses. Heller Ehrman attorneys have already spent considerable time and expense investigating this matter, researching the complex legal issues related to this matter, drafting documents to be filed, staying informed about the ongoing legal and factual developments bearing on this representation, and preparing materials required to obtain security clearance.

## II.   ANALYSIS

### A.   The CJA Applies to the Petition for Habeas Relief in this Matter

The CJA provides that whenever "the interests of justice so require," representation may be provided to any financially eligible person who is "seeking relief under section 2241, 2254, or 2255 of Title 28." 18 U.S.C. § 3006A(a)(2)(B). Petitioner seeks relief under 28 U.S.C. § 2241, bringing the petition in this matter within the plain language of the CJA. Petitioner is therefore entitled to appointment of counsel if this Court finds he is financially eligible and that such appointment is required in the interests of justice.

This Court held that the Guantanamo detainees have the right to counsel. *See Al Odah v. United States*, 346 F. Supp. 2d 1 (D.D.C. 2004).  In so holding, this Court explicitly determined that the CJA authorizes the use of public funds to appoint counsel to habeas Petitioners detained at Guantanamo. *Id.* at 11–21.  For the reasons set forth in that opinion and stated herein, Petitioner moves the Court to appoint Heller Ehrman LLP as counsel of record under 18 U.S.C. § 3006A(a)(2)(B) and find Petitioner eligible for reimbursement of his counsel's costs under § 3006A(d).

**B.     The Interests of Justice Require Application of the CJA**

The facts and circumstances of this case establish compelling reasons why this motion should be granted.  First, the litigation brings claims raising substantive issues that lie at the core of the Great Writ of habeas corpus.  Ali Ahmed is not attempting to challenge the conditions of his sentence or waging a collateral attack on a conviction.  Ali Ahmed has not been convicted of anything. This habeas petition was filed because the government has deprived Ali Ahmed of his freedom for over four years without charging him with any offense or affording him due process.  *See Al Odah*, 346 F. Supp. 2d at 20 ("Petitioners in the instant case have clearly presented a nonfrivolous claim.  They have been detained virtually incommunicado for nearly three years without being charged with any crime.").  Such an indefinite deprivation of rights directly violates the Constitution, laws, and treaties of the United States.

Petitioner's allegations — that, although he has engaged neither in combat nor in acts of terrorism against the United States, he has been held in Executive detention for

5

over four years in territory subject to the long term, exclusive jurisdiction and control of the United States, without access to counsel and without being charged with any wrongdoing — unquestionably describe "custody in violation of the Constitution or laws or treaties of the United States." *Rasul v. Bush*, 542 U.S. 466, 484 n.15 (2004) (quoting the federal habeas statute, 28 U.S.C. §§2241(a), (c)(3)). These are precisely the kinds of significant liberty interests the CJA was designed to protect.

   Moreover, the assistance of counsel is essential in this case because of the complexity of the legal issues involved. In determining legal rights and duties in other habeas cases brought by detainees at Guantanamo, courts have considered significant, ground-breaking issues of constitutional jurisprudence, statutory interpretation, executive power, sovereignty, national security, and jurisdiction — issues that legal scholars are likely to continue dissecting and analyzing long after all the individual cases brought by detainees have been decided. Given the similarities of facts and circumstances, the same legal issues are likely to arise in this case. To expect Petitioner to understand these complex issues without access to counsel is unrealistic. *See Al Odah*, 246 F. Supp. 2d at 21.

   Furthermore, Petitioner lacks the resources to investigate the Government's claims or to challenge any alleged justification for his detention. Petitioner is a foreign national with no exposure whatsoever to the American legal system. Ali Ahmed has been detained in a highly restricted environment for many years. He has minimal access to the outside world. It would be virtually impossible for him to develop evidence in his

defense without assistance. *Id*. at 21 (exercising discretion under the CJA to appoint counsel to Guantanamo Petitioners).

### C. Petitioner is Financially Eligible for Appointment of Counsel Under the CJA

The CJA provides for the appointment of counsel to otherwise qualified individuals who are "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Ali Ahmed has been in detention at Guantanamo for over four years. As a result of his detention, Alla Ali Bin Ali Ahmed is unable to seek employment or earn income of any kind. Furthermore, his family lacks the means to pay for costs incurred in this action.

### D. The CJA Authorizes this Court to Award Costs in this Matter

The CJA provides for payment for representation, which includes compensation for fees. 18 U.S.C. § 3006A(d). Counsel for Petitioner is not requesting compensation for time. However, Counsel does request compensation for out of pocket expenses involved in the case. 18 U.S.C. § 3006A(d).

## III. CONCLUSION

Based on the foregoing, and all of the records, files, and proceedings herein, Petitioner, through the undersigned counsel, respectfully requests this Court to appoint Heller Ehrman LLP as Petitioner's counsel under the Criminal Justice Act, and order that reasonable expenses be paid thereunder, and grant such other relief as this Court may deem necessary and appropriate to protect Petitioner's rights under the

common law, the United States Constitution, federal statutory law, and applicable international law.  A proposed order is attached.

Dated: July 27, 2006

Respectfully submitted,

Counsel for Petitioner:

  /s/  Kit A. Pierson
Brent N. Rushforth
Kit A. Pierson
Stuart M. Rennert
Sarah B. Pojanowski
Jenny L. Workman
**HELLER EHRMAN LLP**
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020