IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLA ALI BIN ALI AHMED**, also listed as ALI BIN ALI ALEH; and **Wagdi Ali Bin Ali,** as Next Friend of Alla Ali Bin Ali Ahmed; *Petitioners*, v. **GEORGE W. BUSH**, *et al.*, *Respondents.* | CIVIL ACTION NO. 05-CV-01678 (GK) |

**MOTION TO STAY HABEAS ACTION AND HOLD HABEAS ACTION IN ABEYANCE PENDING EXHAUSTION OF REMEDIES AND SUPREME COURT CONSIDERATION OF JURISDICTION**

Petitioner respectfully requests that this Court (1) stay this habeas action pending Petitioner's exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and (2) hold this action in abeyance pending Petitioner's exhaustion of those remedies and the filing of a renewed petition for certiorari with the Supreme Court to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari in

*Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194.[1] The government opposes this motion.

It is well within this court's discretion to issue a stay in this case. "District courts . . . ordinarily have authority to issue stays, *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Staying this action would allow Petitioner to exhaust his DTA claims in the Court of Appeals, then seek review of the *Boumediene I* jurisdictional holding. This path of review is consistent with Supreme Court directives setting out the proper course of action by a federal court when presented with unexhausted habeas petitions brought pursuant to 28 U.S.C. § 2254. As the Supreme Court noted in *Rhines*, where a habeas petitioner has failed to exhaust all available remedies in state court, a federal court has discretion to stay the pending habeas petition and allow petitioner to exhaust his remedies in the state courts, rather than to simply dismiss the petition for lack of jurisdiction. 544 U.S. at 277-78. The same rule applies here — Petitioner's DTA claims and the pending Supreme Court actions make the requested relief proper in this circumstance.

Petitioner's case is particularly suitable for the type of relief requested. Indeed, the Supreme Court has indicated that it would be an abuse of discretion to dismiss a petition if the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *see also Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., joined by Souter, J., concurring in

---

[1] Petitioner will file his *Petition for Release and Other Relief Under the Detainee Treatment Act of 2005* before the United States Court of Appeals for the District of Columbia Circuit within 30 days.

part and concurring in the judgment) (stating that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state remedies"). The dual stay-and-abey procedure approved by the Supreme Court in *Rhines* is fitting here, given the directly analogous circumstances surrounding Petitioner's case.

On February 20, 2007, a divided panel of the D.C. Circuit Court of Appeals ruled that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, had stripped federal courts of jurisdiction over habeas actions brought by foreign nationals. *Boumediene I*, 476 F.3d at 988. On March 5, 2007, the *Boumediene* petitioners filed a certiorari petition with the Supreme Court, which was denied on April 2, 2007. Three Justices dissented from the denial of certiorari, stating that the jurisdictional and constitutional questions raised by the petitioners "deserve this Court's immediate attention." *See Boumediene v. Bush*, 127 S. Ct. 1478, 1479 (2007) ("*Boumediene II*") (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting). Two other Justices stated that, "despite the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions *at this time*" in order to require the petitioners to exhaust their remedies under the DTA. *Id*. at 1478 (statement of Stevens and Kennedy, JJ.) (emphasis added).

Thus, five Justices made clear that the Supreme Court will seriously consider a renewed petition for certiorari seeking review of the Court of Appeals' decision in *Boumediene I* after DTA remedies have been exhausted. Indeed, there is some indication that review may occur even more speedily: the Supreme Court already invited the government to respond to the *Boumediene* petitioners' request for rehearing on June 4, 2007. *See* Orders, Nos. 06-1195 and

06-1196 (June 4, 2007). At this juncture, it is premature for this Court to dismiss Petitioner's case for lack of jurisdiction.

Staying this action will allow Petitioner the opportunity to exhaust his DTA claims in the Court of Appeals. Certainly, Petitioner cannot be accused of "dilatory" tactics, where he has never had the opportunity to address the merits of his case. Moreover, given that the government specifically created a *new* procedure while this litigation was pending, in an effort to deprive Petitioner of his habeas rights, Petitioner certainly has good cause for not exhausting those remedies before filing suit. *See Rhines*, 544 U.S. at 277 (noting that the court should stay a case where the petitioner has a good cause for his failure to exhaust and has not engaged in dilatory litigation tactics).

The relief requested here will aid Petitioner in receiving a speedy review of the constitutional issues presented in his habeas petition after his DTA claim is exhausted. Petitioner's habeas petition has been pending for well over a year and has yet to progress substantially. Because there is a reasonable possibility that the Supreme Court will find the jurisdictional holding in *Boumediene I* to be in error, dismissal of this case might cause unnecessary additional delay that is contrary to the nature of habeas relief. *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").

This course of action will work no prejudice on Respondents. It will, however, save Petitioner the uncertainty that accompanies an attempt to "resurrect" a dismissed habeas claim following exhaustion of his DTA remedies. Petitioner is concerned, for example, that if his habeas petition is not reinstated, Respondents will argue in later court hearings that Petitioner

may seek review only of the Court of Appeals' DTA determination. The DTA, in turn, allows challenges only to specific aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs").

Under these circumstances, the most efficient way to proceed is for this Court to stay this action. This ensures that habeas relief remains potentially available to Petitioner in the event that the jurisdictional questions are ultimately resolved in his favor. *See Boumediene II*, 127 S. Ct. at 1478 (statement of Stevens, J., joined by Kennedy, J.) ("Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'") (citation omitted).

It is a fundamental principle of the American justice system that courts have jurisdiction to determine their own jurisdiction. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006) (a court's "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case"); *Ex parte Milligan*, 71 U.S. 2, 131 (1866) ("The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it.") *Boumediene I* does not impede the ability of this Court to take the requested action here. The correctness of that jurisdictional holding is still in dispute, and this Court's jurisdiction remains a live issue that will be resolved with finality only after Petitioner has exhausted his DTA remedies and the Supreme Court has disposed of any renewed certiorari petition challenging the Court of Appeals' MCA jurisdictional holding, or resolved the jurisdictional issue in *Hamdan* or *Ali*.[2]

---

[2] In addition, the Court of Appeals has not issued its mandate in *Boumediene I*. The *Boumediene* petitioners have asked the Court of Appeals to stay the issuance of its mandate pending the completion of DTA proceedings and the filing of a renewed petition for certiorari to review the

---

Court of Appeals' jurisdictional ruling in *Boumediene I*. The Court of Appeals has not yet acted on the motion. Thus, at this time, the *Boumediene I* decision is not yet final, and the Court of Appeals retains jurisdiction to modify or rescind its opinion. *See Beardslee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004).

For the foregoing reasons, this Court should stay the petition pending exhaustion of Petitioner's DTA remedies in the Court of Appeals and resolution of the MCA jurisdictional issue by the Supreme Court.

Respectfully submitted,

*/s/ Kit A. Pierson*
Kit A. Pierson
Brent N. Rushforth
Sarah B. Pojanowski
Jenny L. Workman
Elizabeth Arora
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C. 20036
Fax: (202) 912-2020

Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
66 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ALLA ALI BIN ALI AHMED**,
also listed as ALI BIN ALI ALEH;

and

**Wagdi Ali Bin Ali,**
as Next Friend of
Alla Ali Bin Ali Ahmed;

*Petitioners*,

v.

**GEORGE W. BUSH**, *et al.*,

*Respondents.*

**CIVIL ACTION NO. 05-CV-01678 (GK)**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the **MOTION TO STAY HABEAS ACTION AND HOLD HABEAS ACTION IN ABEYANCE PENDING EXHAUSTION OF REMEDIES AND SUPREME COURT CONSIDERATION OF JURISDICTION** to be served by filing with the Court Security Officer, with notice of filing on the ECF system provided to:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Attorneys for Respondents

*/s/ Kit A. Pierson*