Filed with Court Security Officer 7/6/07
Cleared for Public Filing 7/9/07

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLA ALI BIN ALI AHMED**, also listed as ALI BIN ALI ALEH, and **Wagdi Ali Bin Ali,** as Next Friend of Alla Ali Bin Ali Ahmed, *Petitioners*, v. **GEORGE W. BUSH**, *et al.*, *Respondents*. | CIVIL ACTION NO. 05-CV-01678 (GK) |

## NOTICE REGARDING ACTIVITY IN THIS CASE AND OTHER GUANTANAMO CASES

On June 6, 2007, Petitioner Ali Ahmed filed a motion requesting that this Court (1) stay this habeas action pending Petitioner's exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and (2) hold this action in abeyance pending Petitioner's exhaustion of remedies and the filing of a renewed petition for certiorari with the Supreme Court to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194. When the Supreme Court initially denied certiorari in the *Boumediene* case, it indicated that exhaustion under the DTA is necessary before Petitioner Ali Ahmed's habeas claims can be ad-

dressed. Thus, Petitioner Ali Ahmed noted his intention to file for relief under the DTA in his June 6 motion.

But on June 29, 2007, before Petitioner Ali Ahmed filed a petition for relief under the DTA, the Supreme Court reconsidered its earlier decision and granted the renewed petitions for certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). (*Boumediene* and *Al Odah* are consolidated.) Presumably because it granted certiorari in *Boumediene*, the Supreme Court has also withheld action on the original habeas petition in *In re Ali*, S. Ct. No. 06-1194, which also challenges the Court of Appeals' decision in *Boumediene*.

The grant of certiorari in *Boumediene* means that the Supreme Court is likely to resolve the jurisdictional issues presented by the Guantanamo cases without requiring Petitioner Ali Ahmed to pursue a DTA filing – a process that Petitioner contends violates his right of habeas corpus and constitutional protections – and thus obviates Petitioner's reasons for filing for relief under the DTA. The procedures afforded Petitioner Ali Ahmed under the DTA of 2005 are and will always be a fundamentally inadequate substitute for habeas corpus rights. Petitioner believes that the procedures set out in the DTA are so flawed that he cannot receive a fair determination of whether he is properly held by the United States government.

Thus, in light of the Supreme Court's action, Petitioner Ali Ahmed does not intend to file for relief under the DTA at this time. Instead, Petitioner respectfully submits this notice of recent activity in further support of his pending stay-and-abey motion and his opposition to the government's pending motion to dismiss.

I.      **Recent Activity in Guantanamo Cases Supports Granting Petitioner Ali Ahmed's Stay-and-Abey Motion and Denying the Government's Motion to Dismiss**

*First*, the possibility that the Supreme Court will reverse the Court of Appeals' decision and permit petitioners to pursue their habeas actions militates in favor of staying these actions at least until the Supreme Court decides *Boumediene*.

*Second*, the D.C. Circuit issued an order in *Al Ginco v. Bush*, D.C. Cir. No. 06-5191, on June 7, 2007, making clear that this Court has jurisdiction to grant Petitioner's stay-and-abey motion and may deny the government's motion to dismiss. In the order, the D.C. Circuit (1) denied the government's motion to vacate this Court's orders requiring the government to provide the petitioners' counsel with advance notice of any intended removal of the petitioners from Guantanamo, and (2) denied the government's motion to dismiss the habeas petitions. The Court stated:

> The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

(Ex. 1.) The D.C. Circuit's order makes clear that this Court retains jurisdiction over this case unless and until this Court dismisses this case, and that this Court need not dismiss this case but may grant Petitioner's stay and abey motion.

3

**II.     Conclusion**

      For the foregoing reasons, and the reasons earlier set forth by Petitioner Ali Ahmed, this Court should grant Petitioner's stay-and-abey motion and deny the government's motion to dismiss.

Dated: July 6, 2007.                                      Respectfully submitted,

                                                        Counsel for Petitioner:

                                                        */s/ Kit A. Pierson*
                                                       Brent N. Rushforth, DC Bar No. 331074
                                                       Kit A. Pierson, DC Bar No. 398123
                                                       Sarah B. Pojanowski, DC Bar No. 502036
                                                       Jenny L. Workman, DC Bar No. 502584
                                                       Elizabeth Arora
                                                       HELLER EHRMAN LLP
                                                        1717 Rhode Island Avenue, NW
                                                       Washington, DC 20036
                                                       Tel: (202) 912-2000
                                                       Fax: (202) 912-2020

                                                       Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                                                       CENTER FOR CONSTITUTIONAL RIGHTS
                                                       66 Broadway, 7th Floor
                                                       New York, New York 10012
                                                       Tel: (212) 614-6439
                                                       Fax: (212) 614-6499

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLA ALI BIN ALI AHMED**, also listed as ALI BIN ALI ALEH; and **Wagdi Ali Bin Ali,** as Next Friend of Alla Ali Bin Ali Ahmed; *Petitioners*, v. **GEORGE W. BUSH**, *et al.*, *Respondents.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NO. 05-CV-01678 (GK)** ) ) ) ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of July, 2007, I caused a true and correct copy of the **NOTICE REGARDING ACTIVITY IN THIS CASE AND OTHER GUANTANAMO CASES** to be served by filing with the Court Security Officer, with notice of filing on the ECF system provided to:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Attorneys for Respondents

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kit A. Pierson*

5