## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALLA ALI BIN ALI AHMED,** *et al.*, | : | |
| | : | |
| **Petitioners,** | : | |
| | : | |
| v. | : | **Civil Action No. 05-1457 (GK)** |
| | : | |
| **GEORGE BUSH,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |

## ORDER #1

## CASE MANAGEMENT ORDER

On November 6, 2008, Judge Hogan issued a Case Management Order in In re: Guantanamo Detainees Litigation, Miscellaneous No. 08-442. That Order applied to those cases which individual Judges had transferred to him for procedural purposes in order to serve the interests of Petitioners, the public, and the Government, in providing prompt habeas corpus review, as urged by the Supreme Court in Boumediene v. Bush, 128 S.Ct. 2229, 2275 (2008). This Judge, along with others on this bench, agreed to transfer cases for that purpose. Pursuant to that transfer, on November 6, 2008, Judge Hogan issued a generic Case Management Order.

Having reviewed Judge Hogan's Case Management Order, this Court is now, by virtue of this Order, adopting it in large part.[1] Counsel should be mindful of those portions of this Order which

---

[1]     This Judge wishes to thank Judge Hogan for the enormous amount of painstaking work that he undertook reviewing the many cases that were transferred to him, determining the status of all those cases, identifying the Petitioners, and ruling on a number of procedural motions, so that the cases would be ready for final hearings by the respective Judges to whom they had initially been assigned.

differ somewhat from Judge Hogan's Order of November 6, 2008.[2]  In order to alert counsel to these

changes, the Court will note any provision which differs significantly from Judge Hogan's Order.

## I.

**A.     Factual Returns**.[3]  In accordance with Judge Hogan's Order of July 29, 2008, as

amended by his Order of September 19, 2008, the Government shall file returns and proposed

amended returns containing the factual basis upon which it is detaining Petitioner.  See Hamdi v.

Rumsfeld, 542 U.S. 507, 533 (2004) (holding that a "citizen-detainee seeking to challenge his

classification as an enemy combatant must receive notice of the factual basis for his classification").

**B.     Legal Justification**.  The Government shall file a succinct (one or two paragraph)

statement explaining the specific legal grounds upon which it relies for detaining Petitioner.  If the

Government's justification for detention is Petitioner's status as an enemy combatant, the

Government shall provide the definition of enemy combatant on which it relies.  If the Government

has already filed a factual return, the legal justification is due within 14 days of the date of this

Order.  In all other cases, the Government shall include the legal justification with the factual return.[4]

**C.     Unclassified Factual Returns**.  Within 14 days of the date of this Order, the

Government shall file an unclassified version of each factual return it has filed to date.  In cases in

---

[2]     Since Judge Hogan's Order was intended to apply to all the cases which had been transferred to him, it was anticipated that each "Merits Judge" might make changes appropriate to the facts and circumstances of their individual cases when their cases were transferred back to them. To the extent there are differences between the two Case Management Orders, the provisions of this Order shall govern.

[3]     When used in this Order, the term "factual return" refers to factual returns and proposed amended factual returns filed pursuant to Judge Hogan's Order of July 29, 2008, as amended by his Order of September 19, 2008.

[4]     Note changes from Judge Hogan's Order of November 6, 2008.

which the Government has yet to file a factual return, the Government shall file an unclassified version of the return within 14 days of the date on which the Government is to file the factual return.

**D.      Exculpatory Evidence**.

**1**.      The Government shall disclose to Petitioner all reasonably available evidence in its possession or that the Government can obtain through reasonable diligence that tends materially to undermine the information presented to support the Government's justification for detaining Petitioner.  See Boumediene, 128 S.Ct. at 2270 (holding that habeas court "must have the authority to admit and consider relevant exculpatory evidence that was not introduced during the [CSRT] proceeding").   The term "exculpatory  evidence" includes any evidence of abusive treatment, torture, mental incapacity, or physical incapacity which could affect the credibility and/or reliability of evidence being offered.  If the Government has already filed a factual return, disclosure of such exculpatory evidence shall occur within 21 days of the date of this Order.  If the Government has not yet filed a factual return, disclosure of such exculpatory evidence shall occur within 21 days of the date on which it files the factual return.  By the date on which disclosure is to occur under this paragraph, the Government shall notify Petitioner of the existence of any evidence within its actual knowledge but not within its possession or capable of being obtained through reasonable diligence that tends materially to undermine the information presented to support the Government's justification for detaining Petitioner.   By the date on which disclosure is to occur under this paragraph, the Government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.[5]

---

[5]      Note changes from Judge Hogan's Order of November 6, 2008.

2.      If evidence described in the preceding paragraph becomes known to the Government after the date on which the Government is required to disclose exculpatory evidence in Petitioner's case, the Government shall provide the evidence to Petitioner as soon as practicable. The Government bears a continuing obligation to update and supplement the evidence described in the preceding paragraph.[6]

**E.      Discovery**.

1.      If requested by Petitioner, the Government shall disclose to him:  (1) any documents or objects in its possession that are referenced in the factual return; (2) all statements, in whatever form, made or adopted by Petitioner that relate to the information contained in the factual return; and (3) information about the circumstances -- whether coercive or not -- in which such statements of that Petitioner were made or adopted.  See Harris v. Nelson, 394 U.S. 286, 300 n.7 (1969) ("[D]istrict courts have power to require discovery when essential to render a habeas corpus proceeding effective."); Bismullah v. Gates, 501 F.3d 178, 187 (D.C. Cir. 2007) ("we presume counsel . . . has a 'need to know' all Government Information concerning his [or her] client . . . ."), reh'g denied, 503 F.3d 137 (D.C. Cir. 2007), reh'g. denied en banc, 514 F.3d 1291 (D.C. Cir. 2008), cert. granted, vacated, Gates v. Bismullah, 128 S.Ct. 2960 (2008), reinstated, Case No. 06-1197 (D.C. Cir. Aug. 22, 2008) (per curiam), reh'g. granted in part, Case No. 06-1197 (D.C. Cir. Nov. 5, 2008) (per curiam) and deferred in part, Case No. 06-1197 (D.C. Cir. Nov. 5, 2008) (per curiam). If the Government has already filed a factual return, requested disclosure shall occur within 21 days of the date on which Petitioner requests the disclosure.  If the Government has not yet filed a factual return, requested disclosure shall occur within 21 days of the date on which the Government files

---

[6]      Note changes from Judge Hogan's Order of November 6, 2008.

the factual return or within 21 days of the date on which Petitioner requests disclosure, whichever is later.[7]

      **2.**      Petitioner may, for good cause, obtain limited discovery beyond that described in the preceding paragraph.  Cf. Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").  Such discovery requests shall be presented by written motion and must:  (1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that Petitioner's detention is unlawful, see Harris, 394 U.S. at 300 ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."); and (4) explain why the requested discovery will enable Petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the Government.  See Hamdi, 542 U.S. at 533 (holding that "a citizen-detainee seeking to challenge his classification as an enemy combatant must receive . . . a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker"); id. at 534 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict.").  Any such motion for limited discovery must be filed no later than 14 days after completion of discovery pursuant to Section I. D and I. E of this Order.[8]

---

[7]      Note changes from Judge Hogan's Order of November 6, 2008.

[8]      Note changes from Judge Hogan's Order of November 6, 2008.

F.      **Classified Information**.  If any information to be disclosed to Petitioner under

Sections I. D or I. E of this Order is classified, the Government shall provide Petitioner with an

adequate substitute and, unless granted an exception, provide Petitioner's counsel with the classified

information, provided Petitioner's counsel is cleared to access such information under Section D of

the Protective Order entered in Petitioner's case.  If the Government objects to providing Petitioner's

counsel with the classified information on the basis that, in the interest of national security, the

information should not be disclosed, the Government shall move for an exception to disclosure and

provide the information to the Court, in camera, for a determination as to whether the information

should be disclosed and, if not disclosed, whether the Government will be permitted to rely on the

information to support detention.  See Boumediene, 128 S.Ct. at 2276 ("[T]he Government has a

legitimate interest in protecting sources and methods of intelligence gathering; and we expect that

the District Court will use its discretion to accommodate this interest to the greatest extent

possible."); CIA v. Sims, 471 U.S. 159, 175 (1985) ("The Government has a compelling interest in

protecting . . . the secrecy of information important to our national security . . . ." (citation omitted)).

G.      **Traverse**.  In response to the Government's factual return, Petitioner shall file a

traverse containing the relevant facts and evidence supporting the petition.  See Boumediene, 128

S.Ct. at 2273 ("If a detainee can present reasonably available evidence demonstrating there is no

basis for his continued detention, he must have the opportunity to present this evidence to a habeas

corpus court."); cf. Hamdi, 542 U.S. at 533 (holding that a "citizen-detainee seeking to challenge his

classification as an enemy combatant must receive . . . a fair opportunity to rebut the Government's

factual assertions before a neutral decisionmaker.").  Traverses are due within 14 days of the date

on which the Government files notice relating to exculpatory evidence under Section I. D. 1 of this Order.

## II.

**A.    Burden and Standard of Proof**.  The Government bears the burden of proving by a preponderance of the evidence that Petitioner's detention is lawful.  Boumediene, 128 S.Ct. at 2271 ("The extent of the showing required of the Government in these cases is a matter to be determined.").

**B.    Presumption in Favor of the Government's Evidence**.  The Court will accord a rebuttable presumption of authenticity, and only authenticity, to any statements or documentary evidence the Government presents as justification for a Petitioner's detention if the Government establishes that the presumption is necessary to alleviate an undue burden presented by the particular habeas corpus proceeding.  See Hamdi, 542 U.S. at 534 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict . . . .  [For example,] the Constitution would not be offended by a presumption in favor of the Government's evidence, so long as that presumption remained a rebuttable one and fair opportunity for rebuttal were provided."); Boumediene, 128 S.Ct. at 2276 ("Certain accommodations can be made to reduce the burden habeas corpus proceedings will place on the military without impermissibly diluting the protections of the writ.").  Any motion to rebut the presumption of authenticity must be filed within 21 days from the date of this Order.[9]

**C.    Hearsay**.  Petitioner or the Government may move to admit or exclude hearsay evidence that is material and relevant to the legality of Petitioner's detention.  In ruling on such

---

[9]        Note changes from Judge Hogan's Order of November 6, 2008.

motion, the Court will consider whether hearsay evidence is reliable and whether provision of nonhearsay evidence would unduly burden the movant or interfere with the Government's efforts to protect national security.  See Hamdi, 542 U.S. at 533-34 (noting that, in enemy-combatant proceedings, "[h]earsay . . . may need to be accepted as the most reliable available evidence"); Parhat v. Gates, 532 F.3d 834, 846-47, 849 (D.C. Cir. 2008) (rejecting government intelligence documents whose reliability could not be assessed because they lacked the underlying reporting upon which their assertions were founded, and emphasizing that hearsay evidence "must be presented in a form, or with sufficient additional information, that permits [the court] to assess its reliability.").  The proponent of hearsay evidence shall move for admission of the evidence no later than 10 days prior to the date on which the initial briefs for judgment on the record are due under Section III. A 1 of this Order.  The party opposing admission shall respond to the motion within 3 days of its filing.  If the hearsay evidence is admitted, the party opposing admission will have the opportunity to challenge the credibility of, and weight to be accorded, such evidence.[10]

## III.

### A.     Judgment on the Record.

1.     **Initial Briefs.**  Within 14 days after completion of discovery pursuant to Section I. D and E, Petitioner and the Government shall file a brief in support of judgment on the record.[11]  Each brief shall address both the factual basis and the legal justification for detention, see Boumediene, 128 S.Ct. at 2269 ("The habeas court must have sufficient authority to conduct a

---

[10]     Note changes from Judge Hogan's Order of November 6, 2008.

[11]     Parties are encouraged to file their briefs at an earlier time, if discovery has been completed.  In that case, an earlier hearing date may be set.

meaningful review of both the cause for detention and the Executive's power to detain."), and be accompanied by a separate statement of material facts as to which the party contends there is no genuine dispute. The statement of material facts shall cite to the specific portions of the record that support the party's contention that a fact is not in dispute and shall not contain argument. Initial briefs shall not exceed 45 pages, excluding the statement of material facts.[12]

2.      **Response Briefs**. Within 7 days of the filing of initial briefs, the parties shall file response briefs. Each response brief shall be accompanied by a factual response statement that either admits or controverts each fact identified in the opposing party's statement of material facts as one to which there is no genuine dispute. The factual response shall cite to the specific portions of the record that support the party's contention that a fact is disputed. The Court may treat as conceded any legal argument presented in an initial brief that is not addressed in the response brief and may assume that facts identified in the statement of material facts are admitted unless controverted in the factual response. Response briefs shall not exceed 35 pages, excluding the factual response.

3.      **Reply Briefs**. Reply briefs may be filed only by leave of court and are discouraged.

4.      **Statuses:** On December 22, 2008, parties shall file a Joint Status Report indicating their readiness for submission of briefs in support of judgment on the record.[13]

---

[12]      Note changes from Judge Hogan's Order of November 6, 2008.

[13]      Note changes from Judge Hogan's Order of November 6, 2008.

**B.      Evidentiary Hearing**.

**1.      Basis for a Hearing**.  If, after full consideration of the parties' briefs for judgment on the record and oral argument, the Court determines that substantial issues of material fact preclude final judgment based on the record, Petitioner is entitled to an evidentiary hearing. <u>Cf. Stewart v. Overholser</u>, 186 F.2d 339, 342 (D.C. Cir. 1950) ("When a factual issue is at the core of a detention challenged by an application for the writ it ordinarily must be resolved by the hearing process.").

**2.      Prehearing Conference**.  Counsel shall appear for a prehearing conference to discuss and narrow the issues to be resolved at the hearing, discuss evidentiary issues that might arise at the hearing, identify witnesses and documents that they intend to present at the hearing, and discuss the procedures for the hearing.

**3.      Petitioner's Presence**.  Petitioner will not have access to classified portions of any evidentiary hearing.   Through available technological means that are appropriate and consistent with protecting classified information and national security, the Court will make all reasonable efforts to provide Petitioner with access to unclassified portions of the hearing affecting him.

**SO ORDERED**.


November 17, 2008                                    /s/
                                                     Gladys Kessler
                                                     United States District Judge


**Copies via ECF to all counsel of record**